UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK BRETT,

      Plaintiff,

v.

      Case No: 6:17-cv-376-Orl-41TBS

DAVID BAKER, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed *in forma pauperis* and motion for seal are pending before the Court. For the reasons that follow, I respectfully recommend that the district judge deny both motions, dismiss the case without leave to amend, and require all future filings by Plaintiff to undergo a frivolity pre-screen.

### Motion to Proceed *In Forma Pauperis* and Civil Complaint

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court must review the complaint to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). In this district, the Court may "enter such other orders as shall seem appropriate to the pendency of the cause." M.D. FLA. R. 4.07(a).

Under § 1915(e)(2)(B)(ii), an action must be dismissed if the Court determines that it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "The language in this subsection 'tracks the language of Federal Rule of Civil Procedure

12(b)(6), and [courts] apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).'" Hendrix v. Tucker, 535 F. App'x 803, 804 (11th Cir. 2013) (quoting Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). "Thus, to survive § 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 372 (11th Cir. 2005). Although "[p]ro se pleadings are held to a less stringent standard ... [and are] liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), see also Erickson v. Pardus, 551 U.S. 89, 94 (2007), pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). The Court will not "'serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action.'" Copeland v. Hous. Auth. of Hollywood, 358 F. App'x 144 (11th Cir. 2009) (quoting GJR Invs., Inc. v. City of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff is a frequent and frivolous filer. He has filed more than twenty cases in the Middle District of Florida, leveling a host of untenable allegations against numerous persons and entities, including federal judges and state representatives. See Case Nos.:

-2-

6:07-cv-1500-GAP-DAB, 8:09-cv-2624-JSM-AEP, 6:07-cv-1919-PCF-GJK, 6:07-cv-2023-GAP-GJK, 6:08-cv-74-JA-DAB, 6:08-cv-383-JA-GJK, 6:08-cv-433-PCF-GJK, 6:08-cv-556-PCF-KRS, 6:13-cv-573-ACC-TBS, 6:13-cv-498-RBD-GJK, 6:14-cv-426-CEH-DAB, 6:16-cv-806-CEM-KRS, 6:14-cv-594-CEH-DAB, 6:15-cv-638-PGB-KRS, 8:14-cv-727-VMC-EAJ, 6:15-cv-58-ACC-GJK, 6:16-cv-10-RBD-DAB, 6:16-cv-23-GKS-TBS, 6:16-cv-667-RBD-TBS, 6:17-cv-313-GKS-KRS, and 6:17-cv-376-CEM-TBS. None of these cases has survived judicial scrutiny.

Plaintiff's complaint does not contain a statement of the Court's jurisdiction and does not assert facts sufficient to support his conclusory allegations of obstruction of justice and conspiracy to commit bribery. He also fails to ground his claims in any statute that creates a private cause of action.

Plaintiff appears to complain about a series of conspiracies and criminal violations that allegedly occurred over decades, concerning wholly unrelated matters and individuals. The caption of his 30-plus page complaint identifies twenty Defendants, but the text of the complaint lists dozens of people (public officials, and unidentified individuals) from New Jersey, New York, South Carolina, Pennsylvania and Florida who allegedly committed wrongs against Plaintiff or someone else in their respective states. In the "Statement of Claim" attached to his complaint, Plaintiff alleges that his civil rights were violated in a church by two police officers and 14 "church people" who lied on him and would not allow him to attend church services. There is no apparent link between this statement of claim and the crimes alleged in the civil cover sheet. Yet, Plaintiff seeks injunctive relief and $3 million from each defendant.

As I explained to Plaintiff in a previous case:

> A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990). If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. See Free v. United States, 879 F.2d 1535, 1536 (7th Cir. 1989). Ordinarily, I would recommend dismissal with leave to amend, but in this case I find that giving Plaintiff leave to amend would be pointless and futile because his claims, to the extent they are comprehensible, are frivolous, incredible, and part of an ongoing pattern of filing meritless lawsuits. See Brett v. Florida Police, No. 6:07-CV-2023-ORL-31GKJ, 2008 WL 190587, at *2-3 (M.D. Fla. Jan. 22, 2008).

Case No. 6:16-cv-00667-RBD-TBS, Doc. 4 at 4-5. The frivolity of this complaint reaffirms my opinion that leave to amend would be futile. Accordingly, I respectfully recommend that the motion to proceed *in forma pauperis* be denied and the case dismissed without leave to amend.

## Motion to Seal

Plaintiff's motion to seal is also pending before the Court, but it does not appear to bear any relationship to his civil complaint or statement of claim. In the motion, Plaintiff alleges that his civil rights were violated by a gang member who threatened his life. In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246

- 4 -

(quoting Chicago Tribune, 263 F.3d at 1309). Plaintiff has not demonstrated that good cause exists to warrant sealing the motion and/or case file. Medai, Inc. v. Quantros, Inc., No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012); Bovie Med. Corp. v. Livneh, Case No. 8:10-cv-1527-T-24EAJ, 2010 U.S. Dist. LEXIS 114485, at *3-5 (M.D. Fla. Oct. 19, 2010); Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399, at *2 (D.N.J. Mar. 27, 2009); M.D. FLA. R. 1.09(a). Therefore, I respectfully recommend the district judge deny Plaintiff's request.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED**;

(2) The case be **DISMISSED** without leave to amend;

(3) The Clerk be directed to **TERMINATE** any pending motions and **CLOSE** the case file; and

(4) The district court **ENTER** a Martin-Trigona[1] order against Plaintiff and **NOTE** in CM/ECF that:

> No future action brought by Frank Brett will be initially received for filing by the Clerk of Court. Rather, the action will be reviewed and screened by a United States Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge will determine whether the action has arguable merit. In the event a Magistrate Judge's preliminary review results in a finding that Mr. Brett's action is frivolous, that action will not be

---

[1] The Eleventh Circuit Court of Appeals determined that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Martin-Trigona v. Shaw, 986 F.2d 1384, 1386-1387 (11th Cir. 1993) (citing Procup v. Strickland, 792 F.2d 1069 (11th Cir.1986) (en banc)).

filed with the Court but will instead be returned to him. Upon such finding Mr. Brett will be subject to sanction including a monetary assessment. See In re: Roy Day Litig., 976 F. Supp. 1455 (M.D. Fla. 1995); In re Roy Day Litig., 976 F. Supp. 1460 (M.D. Fla. 1995); see also In re: Dontavious Tay Smith, Case No. 6:15-mc-75-RBD-DAB, Doc. 1; Smith v. Critelli's Auto Mart, Case No. 6:15-cv-527-RBD-KRS, Doc. 17; In re: James D. Smith, Case No. 6:15-mc-67-Orl-37, Doc. 3; In re: James Wymer, Case No. 6:15-mc-72-RBD-DAB, Doc. 1; Cuyler v. Aurora Loan Svs., Case No. 6:11-mc-90-ACC-DAB, Doc. 34; SunTrust Bank v. Gaeta, et al., Case No. 8:10-cv-31-VMC-AEP, Doc. 14; Connelly v. Blank Rome, Case No. 8:03-cv-72-SDM, Doc. 12.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

RESPECTFULLY RECOMMENDED at Orlando, Florida on March 9, 2017.

Thomas B. Smith
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
*Pro se* Plaintiff
Intake Docket Clerk
All Middle District of Florida Magistrate Judges